Argued and submitted March 28, rule held invalid July 26, 1995

# INDEPENDENT CONTRACTORS OF OREGON,
*Petitioner,*

*v.*

# CONSTRUCTION CONTRACTORS BOARD,
*Respondent.*

(CA A82576)

899 P2d 1216

Brian L. Pocock argued the cause and filed the brief for petitioner.

John T. Bagg, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

### WARREN, P. J.

Petitioner Independent Contractors of Oregon challenges the validity of OAR 812-03-002(1), a rule of the Construction Contractors Board (CCB). ORS 183.400. It raises numerous challenges to the process by which the rule was adopted, as well as challenging the validity of the rule as being beyond the agency's statutory authority. We address only the argument that the rule violates ORS 701.035 and hold that the rule is invalid.

The CCB is charged with enforcing ORS chapter 701, relating to the regulation of construction contractors. ORS 701.205; ORS 701.235. Construction contractors are required to be registered with the Board. ORS 701.055(1); ORS 701.065. ORS 701.035 provides, in part:

"(1) An applicant must qualify as an independent contractor, under ORS 670.600, to register with the board.

"(2) The board shall establish two classes of independent contractor registration:

"(a) The nonexempt class is a sole proprietor, partnership or corporation with employees or a partnership without employees.

"(b) The exempt class is a sole proprietor without employees or a corporation whose officers have selected the option described in ORS 656.027."

OAR 812-03-002 provides that "[c]ontractors shall register as either nonexempt (employer with employees) or exempt (no employees) as provided in ORS 701.035[.]" On July 27, 1993, the CCB adopted the amendments to OAR 812-03-002(1), which petitioner challenges in this review. OAR 812-03-002(1) now provides:

"If the agency discovers any registered contractor working together with one or more registered contractors at the same construction tasks at the same location at the same time; and

"(a) If the agency determines that one or more of the following conditions exist, then the partnership or person is not an exempt contractor and must be registered nonexempt unless otherwise exempt from workers' compensation insurance coverage under ORS 656.027:

"(A)   The individuals are working together as a partnership;

"(B)   *One of the individuals is the lead person who directs and controls the other individuals; or*

"(C)   *The individuals working together were brought there by a third person who directs and controls the individuals.*

"(b)   However, an exempt contractor may work with the assistance of individuals who are employees of a nonexempt contractor so long as the nonexempt contractor:

"(A)   Is in compliance with ORS Chapters 316, 656 and 657 and is providing the employee(s) with worker's compensation insurance; and

"(B)   Does the payroll and pays all its employees, including those employees who assist an exempt contractor." (Emphasis supplied.)

Petitioner argues that the rule is invalid, because it exceeds the statutory authority of the agency. We address only its argument that the rule is invalid because it requires contractors who are defined as exempt under ORS 701.035-(2)(b) to register as nonexempt.

■   ORS 701.035(2)(a) provides that all contractors with employees are nonexempt, as are all partnerships. The only contractors who qualify for exempt status are sole proprietors without employees, or corporations without employees "whose officers have selected the option described in ORS 656.027."[1] ORS 701.035(2)(b). Petitioner argues that the rule, specifically OAR 812-03-002(1)(a)(B) and (C), requires some sole proprietors and corporations without employees to register as nonexempt despite the fact that they are classified as exempt by the statute. If that is the effect of the rule, it is invalid, because it alters the terms of the legislative enactment. *U. of O. Co-Oper. v. Dept. of Rev.*, 273 Or 539, 550, 542 P2d 900 (1975).

---

[1] ORS 656.027(9) allows officers of a corporation engaged in building and construction "who are directors of the corporation and who have a substantial ownership interest in the corporation" to elect to be nonsubject workers, if "all officers of the corporation are members of the same family and are parents, daughters or sons, daughters-in-law or sons-in-law or grandchildren[.]"

■ ■   CCB submits, and we agree, that the word "employee" in ORS 702.035 means the same things as does the word "worker" in ORS chapter 656, the workers' compensation law. ORS 656.005(28) provides that a worker is

"any person * * * who engages to furnish services for a remuneration, subject to the direction and control of an employer * * *."

Under that definition, two elements must exist before a person is considered a worker: the person must engage to furnish services for a remuneration, and the person must be subject to the direction and control of an employer. An "employer" is "any person * * * who contracts to pay a remuneration for and secures the right to direct and control the services of any person." ORS 656.005(13).

■   Petitioner argues that the rule requires a contractor to register as nonexempt even if the contractor has not contracted to pay the other contractor remuneration. Because a contractor is not an "employee" unless the contractor has engaged to provide services for remuneration, petitioner argues that the rule expands the class of nonexempt contractors beyond that provided in ORS 701.035. We agree. OAR 812-03-002(1) requires a contractor to register as nonexempt on the basis of direction and control alone. However, simply being under someone's direction and control without remuneration does not make a person an employee within the meaning of ORS 701.035. Accordingly, it appears that the rule is inconsistent with the statute, in that it would require a contractor without employees to register as nonexempt when the statute would allow it to register as exempt.

CCB's only response to the apparent inconsistency is to argue that the element of remuneration is implicit in the rule, because the rule as a whole "addresses employer and employee relationships[.]" We are not persuaded. The rule does not expressly require that a contractor be engaged for remuneration, nor is it possible to read into the rule a requirement that is not there.

Because OAR 812-03-002(1) requires a contractor without employees to register as nonexempt when ORS 701.035(2) would allow the contractor to register as exempt, the rule violates the statute and is invalid.

Rule held invalid.